IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VERONICA HORTON, | § § § | |
| *Plaintiff*, | § § § | 5-19-CV-00140-FB-RBF |
| vs. | § § § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, PILOT CATASTROPHE SERVICES, JOHN SUTHER, | § § § § § § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff Veronica Horton's Motion to Remand. *See* Dkt. No. 12. The District Court referred this case to the undersigned pursuant to Western District of Texas Local Rule CV-72 and Appendix C. *See* Dkt. No. 8. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, Horton's Motion to Remand, Dkt. No. 12, should be **DENIED**.

**I.    Factual and Procedural Background**

This insurance dispute arises from an April 2016 hail storm in San Antonio, Texas. Plaintiff Veronica Horton submitted a property-damage claim to her insurance company, Allstate Vehicle and Property Insurance Company, for damage to her home's composition shingle roof, roofing components, fascia and storage shed. Orig. Pet. ¶¶ 14-20. Allstate assigned Defendant John Suther of Pilot Catastrophe Services to inspect the property and adjust Horton's claim. *Id.* According to Horton, Suther was improperly trained and/or supervised in inspecting hail damage

1

and conducted a substandard review of her claim. *Id.* ¶ 21. Allstate, it is alleged, in turn relied on Suther's inadequate inspection, causing Allstate to improperly deny Suther's claim. *Id.* In doing so, Horton alleges that Allstate ignored her independent property damage assessment, which "confirmed wind and/or hail damage to [Horton's] Property in the amount of $19,764.34." *Id.* ¶ 22. According to Horton, Defendants collectively "misrepresented to [Horton] that the Property damage was not the result of the Storm damages to the Property" and "intentionally omitted and failed to allow for the replacement of the composition shingle roof, roofing components, fascia[,] and storage shed." *Id.* ¶¶ 23, 30.

When Allstate denied the claim under Horton's Texas Homeowner's Insurance Policy, Horton sent Allstate a demand letter on September 24, 2018. *See* Dkt. No. 1-12. In her demand letter, Horton claimed a total of $28,384.28 in damages, calculated as follows: (1) $18,554.34 to repair her dwelling ($19,764.34 less her $1,210 deductible); (2) $4,629.94 in interest pursuant to the Texas Prompt Payment Act, calculated from April 22, 2017 through the date of the letter; and (3) $1,200 in attorney's fees incurred as of that date. *See id.* at 2-3. The demand only related to Horton's causes of action under the Texas Insurance Code; it did not include any damages related to Horton's potential Texas Deceptive Trade Practices Act ("DTPA") claims, which could permit the recovery of treble damages. *See id.* at 3. Finally, the letter advised Allstate that the settlement offer of $28,384.28 "represents a tremendous savings to Allstate given [its] potential exposure under the Texas Insurance Code," as juries have allegedly awarded close to $100,000 to well-over $1 million when faced with claims involving similar causes of action. *See id.*

No settlement was reached, and on January 9, 2019, Horton sued Allstate, Suther, and Pilot in the 37th Judicial District Court of Bexar County, Texas. *See* Orig. Pet. Her Original

Petition raised the following claims: (1) breach of contract; (2) breach of the common law duty of good faith and fair dealing; (3) unfair settlement practices in violation of Section 541.151 of the Texas Insurance Code; (4) violation of the Texas Prompt Payment Act, Tex. Ins. Code § 542.058; (5) various violations of the DTPA, Tex. Bus. & Com. Code § 17.41-63; and (6) fraud. Horton sought in relief: (1) actual damages, including loss of the benefits that allegedly should have been paid under the policy and damages for mental anguish; (2) attorneys' fees; (3) treble damages under the DTPA; (4) 18 percent interest pursuant to the Texas Prompt Payment Act, Tex. Ins. Code § 542.060; and (5) costs. *See id.* Pursuant to Section 542A.006 of the Texas Insurance Code, Allstate elected to accept any and all liability for the actions of Suther in relation to this action. *See* Ex. D to Dkt. No. 1.

On February 15, 2019, Allstate removed this action with the consent of Defendant Pilot, citing diversity jurisdiction. *See* Dkt. No. 1. According to the Notice of Removal, Horton is a citizen of Texas, Allstate is an Illinois corporation with its principal place of business in Illinois, and Suther is a resident of Alabama who is licensed by the Texas Department of Insurance to adjust claims in Texas.[1] Although the Notice of Removal does not specify Defendant Pilot's citizenship, it appears that Pilot is also a citizen of Alabama. *See* Orig. Pet. ¶ 4.

On March 4, 2019, Horton filed the instant Motion to Remand. *See* Dkt. No. 12. Horton requests that the Court remand this case to the Bexar County District Court and award the reasonable attorneys' fees incurred in filing the remand motion.

---

[1] Because Allstate has elected to assume responsibility for Suther, the Court need not consider his citizenship. *See, e.g.*, *Flores v. Allstate Vehicle & Prop. Ins*. Co., No. SA-18-CV-742-XR, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018) ("[E]ven when a plaintiff asserts viable claims against an insurance agent, an election of liability by the insurer for the agent's acts or omissions is sufficient to show improper joinder on the basis that there is no reasonable basis to predict that the plaintiff might be able to recover against the agent.").

**II. Analysis**

At issue is whether Allstate has carried its burden to show that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). There is no meaningful dispute as to the complete diversity of the parties. For the reasons discussed below, the undersigned concludes Allstate has met the amount-in-controversy requirement, notwithstanding the fact that "any doubt as to the propriety of removal should be resolved in favor of remand." *See In re Hot–Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Allstate has done so *both* by showing that (1) it is facially apparent from the state court Petition that the claim exceeds $75,000 *and* (2) evidence supports the requisite finding. *Manguno*, 276 F.3d at 723 (providing that a removing party need only prove one or the other).

First, according to Horton's Original Petition, the cost to repair Horton's damaged property is $19,764.34. *See* Orig. Pet. ¶ 15. In addition to this repair cost, Horton claims an unspecified amount in damages for mental anguish, attorneys' fees, 18% interest pursuant to the Texas Prompt Payment Act, and treble economic and mental-anguish damages pursuant to the DTPA.[2] *See* Orig. Pet. ¶¶ 80-83. All of these amounts are included in the amount-in-controversy calculation, and they reflect that in this case the requisite amount is reached by the required preponderance of the evidence.[3] Merely trebling Horton's repair costs (without considering any mental-anguish damages) yields claimed damages of $59,293.02. Prevailing on her Prompt

---

[2] *See* Tex. Bus. & Com. Code § 17.50(b)(1) (permitting a consumer to recover three times the amount of damages for mental anguish and economic damages for intentional violations of the DTPA).

[3] *See St. Paul Reinsurance Company, Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998) (holding that statutory damages under former Article 21.55 of the Texas Insurance Code, which provided for an eighteen percent per annum penalty for failure to timely pay an insurance claim, as well as potential attorneys' fees must be included in calculating the amount in controversy in a diversity case); *Knowles Pub. v. Am. Motorists Ins. Co.*, 248 F.3d 1139, 2001 WL 85914, at *3 (5th Cir. Jan. 25, 2001) (treble damages under the DTPA may be included in the amount in controversy).

Payment Act claims would entitle Horton to significant statutory interest, even at this stage, given that her claim has been pending for approximately three years. *See Nautilus, Inc. v. ICON Health & Fitness, Inc*., No. SA-16-CV-00080-RCL, 2018 WL 2107729, at *4 (W.D. Tex. May 7, 2018) (explaining that 18% late-payment interest is calculated as simple interest); Tex. Ins. Code § 542.060(c) (providing that interest awarded under the Prompt Payment Act "accrues beginning on the date the claim was required to be paid"). Any such interest award very likely would increase by the time of entry of judgment. *See Great Am. Ins. Co. v. AFS/IBEX Fin. Servs., Inc*., 612 F.3d 800, 809 (5th Cir. 2010) (interest under the Prompt Payment Act accrues until the date judgment is entered). Even assuming that Horton will not recover *any* mental-anguish damages and will only recover minimal attorneys' fees, the Court concludes—based on the nature of the claims, types of damages sought, the alleged property damage, and applying common-sense[4]—it is facially apparent from Horton's Original Petition that the jurisdictional threshold has been met here.[5]

Horton's pre-suit demand letter, which Allstate attached to the Notice of Removal, lends further support to the Court's conclusion. *See Armendariz v. Allstate Texas Lloyd's*, No. EP-16-

---

[4] *See Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1336 (5th Cir. 1995) (recognizing that the Court may use "common sense" in determining the amount in controversy).

[5] *See, e.g.*, *KWM Assocs., Inc. v. Int'l Catastrophe Ins. Managers, LLC*, No. 1:09-CV-1010, 2010 WL 11632870, at *5 (E.D. Tex. Aug. 3, 2010), *report and recommendation adopted*, 2010 WL 11632869 (E.D. Tex. Aug. 24, 2010) (finding in hail damage case that "[g]iven the nature of the damages alleged under an insurance contract, and the fact that plaintiff is seeking treble damages and statutory interest, requested recovery in the amount of $75,000 could reasonably be expected"); *Wilcots v. Wells Fargo Bank, N.A*., No. CIV.A.H-10-800, 2010 WL 1978887, at *2 (S.D. Tex. May 14, 2010) (finding it facially apparent from the original complaint that the amount in controversy was met where plaintiff sought $27,607.64 in insurance proceeds with possible treble damages under the DTPA, a penalty of ten percent per year under the Texas Insurance Code, mental anguish damages, and attorney's fees); *Johnson v. Carmax Auto Superstore, Inc*., No. SA-08-CA-820-FB, 2008 WL 5686083, at *3 (W.D. Tex. Dec. 22, 2008) (noting that courts have relied on the causes of action and types of damages claimed by the plaintiff in finding the amount in controversy met).

CV-00334-DCG, 2016 WL 6915279, at *2 (W.D. Tex. Nov. 23, 2016) (recognizing that "[c]ourts have considered pre-suit demand letters as such evidence in determining whether defendants have met the preponderance burden"). Although Horton only requested $28,384.28 in actual damages, statutory interest, and attorneys' fees to settle this dispute, the letter by its express terms does not include Horton's present demand for treble damages.[6] Accounting for treble damages, as well as additional statutory interest and attorneys' fees incurred through the date of judgment, it is more likely than not that the amount in controversy here exceeds $75,000. *See St. Paul*, 134 F.3d at 1254 n. 13 (explaining that "[t]he test is whether it is more likely than not that the amount of the claim will exceed $[75,000]").

Accordingly, Horton can obtain remand here only if she establishes to a "legal certainty" that her claims are really for less than the jurisdictional threshold. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Horton has failed to do so here. There is no state law that prohibits Horton from recovering damages in excess of $75,000, and Horton has refused to stipulate to less than $75,000 in damages. *See* Dkt. No. 1 ¶ 25. Under these circumstances, remand should be denied. *See DeAguilar*, 47 F.3d at 1412.; *see also Ray v. State Farm Lloyds, Inc.*, No. CIV.A.3:98–CV–1288–G, 1999 WL 151667, at * (N.D. Tex. Mar. 10, 1999).

### III. Conclusion and Recommendation

For the reasons discussed above, it is recommended that Horton's Motion to Remand, Dkt. No. 12, be **DENIED**.

Although not raised as a basis for Horton's remand request, as discussed above, Allstate has failed to "distinctly and affirmatively allege" Defendant Pilot's citizenship. *See Howery v.*

---

[6] *See Chavez v. State Farm Lloyds*, NO. 7:15-CV-487, 2016 WL 641634, at *3 (S.D. Tex. Feb. 18, 2016) (denying motion to remand in hail damage case where demand letter requested a total of $40,776.74 for damages to roof, 18 percent statutory interest, mental anguish, and attorney's fees and calculation did not reference plaintiff's claim for exemplary damages).

*Allstate Ins. Co*, 243 F.3d 912, 919 (5th Cir. 2001). Accordingly, within **seven (7) days** from the date of this Order, Allstate shall file an amended Notice of Removal, which specifically addresses Pilot's citizenship. *See id.* ("[F]ederal courts must . . . consider jurisdiction *sua sponte* if not raised by the parties.").

Finally, in light of Allstate's election of responsibility pursuant to Section 542A.006 of the Texas Insurance Code, the parties should confer—within **fourteen (14) days** of the date of this Order—and advise the Court, via a motion, whether Suther should be dismissed from this action with prejudice. *See* Tex. Ins. Code § 542A.006(c).

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and

recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 9th day of April, 2019.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE